UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

IN THE MATTER OF THE COMPLAINT
OF AMERICAN COMMERCIAL LINES, LLC          CIVIL ACTION
AS OWNER OF THE M/V CHARLES M
PETITIONING FOR EXONERATION                NO. 13-236-JJB-RLB
FROM OR LIMITATION OF LIABILITY

**RULING ON MOTION TO LIFT STAY**

This matter is before the court on Claimant James Bean's Motion (doc. 12) to Lift Stay. Subsequently, Petitioner in Limitation American Commercial Lines, LLC ("ACL") filed a Response (doc. 25) in Opposition to the Motion to Lift Stay. Claimant then filed a Reply Memorandum (doc. 33), which was followed by a Sur-Reply (doc. 36) filed by the Petitioner in Limitation. There is no need for oral argument. Jurisdiction is based upon 28 U.S.C. § 1333. For the reasons stated herein, the Court **DENIES** the motion.

**Background**

On May 2, 2012, Claimant James Bean ("Bean") alleges that he sustained personal injuries resulting from acid spraying on his legs while aboard the M/V CHARLES M. At all relevant times, American Commercial Lines, LLC ("ACL") was the owner of the M/V CHARLES M. Bean was employed by ACL as a tankerman assigned to the vessel. Due to the injuries suffered, Bean filed a Petition for Damages in the Louisiana 18th Judicial District Court. As a result, ACL filed a Petition for Exoneration from or Limitation of Liability within six months of receiving the first written notice of the claim. Accordingly, this Court granted a stay of any filed actions or claims, as well as any potential actions or claims, until the conclusion of the limitation or exoneration proceedings. Doc. 7, p. 3.

1

Bean then filed a Motion (doc. 12) to Lift Stay, seeking to have this Court lift the previously implemented stay due to Bean's filing of a Stipulation (doc. 11) with the court. According to Bean, the Stipulation (doc. 11) protects all of ACL's rights with respect to its Petition for Exoneration from or Limitation of Liability, despite Bean continuing to prosecute his state court action against ACL and BASF Corporation ("BASF"). Subsequently, BASF filed an Answer (doc. 16) and Claim to the Petition for Exoneration from or Limitation of Liability, in which BASF sought tort and/or contractual indemnity, and/or contribution from ACL, together with all maintenance and cure, costs, expenses and attorney's fees incurred if BASF were found to be liable for Bean's injuries.

After BASF's Answer and Claim against ACL, ACL filed a Response (doc. 25) in Opposition to the Motion to Lift the Stay. ACL averred that the stay should not be lifted because all claimants had not joined in Bean's stipulation. Instead, only Bean made the stipulation, and BASF had not joined or signed it. In his Reply Memorandum (doc. 33), Bean claims that his stipulation is sufficient for the court to lift the stay, regardless of whether BASF signed the stipulation, because Bean claims the stipulation adequately protects ACL from BASF's claims. Finally, in its Sur-Reply (doc. 36), ACL again argues that all claimants must joint in the stipulation, and thus, the fact BASF has not joined the stipulation means that the stay cannot be lifted.

**Analysis**

"The Limitation Act allows a shipowner, lacking privity or knowledge, to limit liability for damages arising from a maritime accident to the 'amount or value of the

interest of such owner in such vessel, and her freight then pending.'" *Odeco Oil and Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996) (quoting 46 U.S.C.App. § 183(a)). The Fifth Circuit has previously stated that:

> In mediating between the right of shipowners to limit their liability in federal court and the rights of claimants to sue in the forum of their choice, federal courts have developed two instances in which a district court must allow a state court action to proceed: (1) when the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight, and (2) when *all claimants* stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court.

*Id.* "[P]arties seeking indemnification and contribution from a shipowner must be considered claimants within the meaning of the Limitation Act." *Id.* at 675. The Fifth Circuit has adamantly held that all claimants must sign the stipulation in order for the state court action to proceed. *Id.* ("As we have previously held, in order to proceed in state court, all claimants must sign the stipulation protecting the shipowner's rights under the Limitation Act.").

In the present matter, BASF has not joined or signed the stipulation filed by the Claimant Bean. BASF has asserted claims for tort and/or contractual indemnity, and/or contribution from ACL, together with all maintenance and cure, costs, expenses and attorney's fees incurred. Accordingly, BASF is a claimant under the Limitation Act. Therefore, because BASF has not signed or joined the stipulation filed by Claimant Bean, the stay cannot be lifted at the present time.

**Conclusion**

Therefore, the Claimant's Motion (doc. 12) to Lift Stay is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on August 28, 2013.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**